## MARTIN v. TYREE.

PARTIES: *Revivor*.

In a suit for partition between Mrs. Tyree and three other heirs of her deceased father, it was, among other things, decreed that the heirs

should pay to her six hundred and forty-four dollars for owelty of partition; and this was made a lien upon lands allotted to them. Afterwards she and her husband filed her bill in equity to enforce payment of this decree. She then died and the suit was revived in the names of her heirs. Held: error. The sum awarded her in the decree was a mere money demand, and upon her death belonged to her personal representative, and the suit should have been revived in his name.

APPEAL from *Woodruff* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Clark & Williams*, for appellants.

This was a mere money demand, and the suit should have been revived in the name of the administrator and not the heirs of Mrs. Tyree. *Gantt's Dig.*, *secs. 3640, 3641, 4327, 4328; 18 Ark., 85, 170; 16 Ark., 672; 18 Ib., 319; 21 Ib., 179; 15 Ib., 436; 22 Ib., 535; 18 Ib., 30, Ib., 448.*

SMITH, J. In a suit between the heirs-at-law of James Murray, deceased, for partition of the real estate descended to them from him, it was, in the year 1869, amongst other things, decreed that three of these heirs should pay to Paralee Murray, another heir, $644.54, for owelty of partition; and the said sum of money was charged as lien on the parcels of land allotted to them by the decree. Paralee was at that time an infant, but subsequently became of age and was married to James C. Tyree. In June, 1878, she and her husband exhibited this bill against the proper parties to enforce payment of the sum awarded to her.

After the issues had been made up and depositions had been taken, but before submission of the cause, the female plaintiff died and the suit was revived in the name of her heirs and proceeded to a final decree in the Woodruff circuit court, from which an appeal has been prosecuted to this court.

All the proceedings had after the suggestion of Mrs. Tyree's death were erroneous for the want of a proper party plaintiff. The sum awarded to her to equalize the partition between her and her co-heirs was a mere money demand, charged indeed upon lands, but not partaking of the nature of realty. Upon her death it went to her personal representative and not to her heirs or distributees. The administrator, and not the heir, is the proper party to sue for a debt due the deceased. *Lemons heirs v. Rector, 15 Ark., 436; Pryor v. Reyburn, 16 Id., 671; Anthony v. Peay, 18 Id., 24; Worsham v. Field, Ib., 447; Atkins. v. Guise, 21 Id., 164; Pope's heirs v. Boyd, 22 Id., 535; Jacks v. Adair, 31 Id., 625; Wheelan v. Edwards, Ib., 723.*

The reason is, if the debtor should pay to the heirs, he might be compelled by action to pay the same debt over again to the administrator. Our law prefers creditors to heirs. If the choses in action belonging to an estate could be collected by heirs, legatees or distributees, their is no security that they would be applied to the purpose, to which the law primarily destines them—the payment of the debts of the deceased.

In the absence of proper parties before the court, we forbear any comments upon the merits of the controversy.

Reversed and remanded for further proceedings.