**YOUNG v. GARRETT et al.**

**GILBERT et al. v. SAME.**

Civil Action Nos. 163, 164.

District Court, W. D. Arkansas,
El Dorado Division.

Sept. 14, 1943.

J. R. Wilson and Charles E. Wright, both of El Dorado, Ark., for plaintiff Horace A. Young.

A. A. Thomason, of Magnolia, Ark., and James H. Nobles, Jr., of El Dorado, Ark., for plaintiffs Betty Jean Gilbert et al.

McKay & McKay, of Magnolia, Ark., and R. H. Wills, and J. P. Greve, both of Tulsa, Okl., for defendants.

MILLER, District Judge.

The above causes have been consolidated for hearing and disposition of the motions to dismiss which are bottomed upon the contention that certain persons and corporations are indispensable parties plaintiff in both causes, and that if such persons and corporations are made parties plaintiff there will not be the requisite diversity of citizenship to support the jurisdiction of the court, that being the only alleged ground of jurisdiction.

Counsel for the defendants have filed affidavits in support of their motions, and counsel for the plaintiffs have likewise filed affidavits in support of their contentions.

The issues in both causes are similar and have been ably presented and argued in the excellent briefs of counsel for the respective parties. In addition thereto, the court has had access to and has considered the briefs and arguments filed in Civil Action No. 138, lately pending in this court

The court has fully considered each issue presented and argued, but finds it not necessary to decide all of them.

■ (1) The absence of an indispensable party may be raised by motion to dismiss. Hale v. Campbell et al., D.C.N.D Iowa, 40 F.Supp. 584. See, also, Supplementary Commentary, 5 Federal Rules Service, pages 820-822.

■ (2) Indispensable parties are those whose interests are so bound up in the subject matter of the litigation and the relief sought that the court cannot proceed without them, or proceed to a final judgment without affecting their interests. Division 525, Order of Railway Conductors of America et al. v. Gorman et al., 8 Cir., 133 F.2d 273, 276; State of Washington v. United States, 9 Cir., 87 F.2d 421; Bland et al. v. Fleeman et al., D.C.W.D.Ark., 29 F. 669; Franz v. Buder, 8 Cir., 11 F.2d 854; State of California v. Southern Pac. Co. 157 U.S. 229, 15 S.Ct. 591, 39 L.Ed. 683.

■ (3) If indispensable parties have been omitted and the making of them parties properly aligned on the basis of their actual legal interest and the apparent result to them would destroy the requisite diversity of citizenship, the causes should be dismissed for lack of jurisdiction. 28 U.S.C.A. § 80; Thomson et al. v. Butler et al., 8 Cir., 136 F.2d 644.

■ (4) The record before the court does not disclose conclusively that the grantors of plaintiff in civil action No. 163 have not conveyed all of their right, title and interest in the lands and the oil and gas remaining therein and thereunder on the date of the conveyances now relied upon by plaintiff, but the plaintiff is seeking to recover the rents, issues and profits derived from the land prior to the date of the deeds. In such action the assignors are indispensable parties plaintiff in Civil Action No. 163 and also in Civil Action No. 164. The assignment or transfer of the claim for rents, issues and profits did not give plaintiff Young the right to maintain a suit for their recovery without making the assignors parties plaintiff. Section 1306, Pope's Digest of the Statutes of Arkansas;

Boqua et al. v. Marshall, 88 Ark. 373, 114 S.W. 714; St. Louis, I. M. & S. Ry. Co. v. Camden Bank, 47 Ark. 541, 1 S.W. 704; Chicago R. I. & P. R. Co. v. Cobbs et al., 151 Ark. 207, 235 S.W. 995.

Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, does not change the rule in Arkansas, Volume 2 Moore's Federal Practice, pages 2041, 2042 Price & Pierce, Ltd., v. Jarka Great Lakes Corp., D.C.W.D.Mich., 37 F Supp. 939; Momand v. Twentieth-Century Fox Film Corp., D.C.W.D.Okl., 37 F.Supp. 649.

■ The grantors or assignors of plaintig Young are tenants in common with plaintiffs in Civil Action No. 164 and are indispensable parties plaintiff. The joining of such persons as parties plaintiff will destroy the requisite diversity of citizenship in each of the actions since some of the defendants are citizens and residents of Arkansas.

■ (5) Any cause of action for the recovery of rents, issues and profits that accrued prior to the death of Mary Christine Pace, Dec. 27, 1939, from any interest that she had in the land, or for that portion of the interest of Mary Christine Pace which was inherited by Bob Winfield Pace and Sarah Elizabeth Pace Young, and which accrued subsequent to the death of said Mary Christine Pace and prior to the respective deaths of Bob Winfield Pace in October 1942, and Sarah Elizabeth Pace Young on November 13, 1942, vested solely in the respective administrators of the estates of the deceased.

The defendants in each of the actions, and those under whom they claim title, had been in adverse possession of the land since long prior to the death of Mary Christine Pace. The lands began producing oil and gas in large and paying quantities early in 1940.

The administrators of the estates of the deceased are indispensable parties plaintiff. Section 1273, Pope's Digest of the Statutes of Arkansas; 33 C.J.S., Executors and Administrators, § 100, page 1055; 21 Am. Jur. Section 186, page 475.

In Martin v. Tyree, 41 Ark. 314, 316, the Supreme Court of Arkansas said: "All the proceedings had after the suggestion of Mrs. Tyree's death were erroneous for the want of a proper party plaintiff. The sum awarded to her to equalize the partition between her and her co-heirs was a mere

money demand, charged indeed upon lands, but not partaking of the nature of realty. Upon her death it went to her personal representative and not to her heirs or distributees. The administrator, and not the heir, is the proper party to sue for a debt due the deceased."

If the defendants in these causes should pay the plaintiffs or the heirs of the deceased the rents, issues and profits derived from the land prior to the death of Mary Christine Pace and the death of Bob Winfield Pace and Sarah Elizabeth Pace Young they might be compelled to pay the same over again to the respective administrators.

If the administrators who must be citizens of Arkansas are made parties plaintiff, this will destroy the requisite diversity of citizenship in both actions, Small et al. v. Frick, D.C.E.D.S.C., 40 F. Supp. 778, since some of the defendants in each cause are citizens of Arkansas.

For the above reasons the motion to dismiss each of the actions is sustained and decree dismissing the complaint in each action for lack of jurisdiction will be entered. Exceptions of plaintiffs will be noted in each decree.