## LAUGHLIN v. GARNETT et al.

### No. 8322.

United States Court of Appeals.
District of Columbia.

Argued April 12, 1943.

Reargued Oct. 14, 1943.

Decided Nov. 8, 1943.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, John L. Laskey, John P. Burke, and Bernard J. Long, all of Washington, D. C., Assistant United States Attorneys, were on the brief for appellees Garnett and Fihelly.

Messrs. Richmond B. Keech, Corporation Counsel, D. C., Vernon E. West, Principal Assistant Corporation Counsel, and Matthias Mahorner, Jr., Assistant Corporation Counsel, all of Washington, D. C., entered appearances for appellee Baker.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

PER CURIAM.

This is an appeal from the refusal of the trial court to permit appellant (plaintiff in the court below) to file a third amended complaint in an action for malicious prosecution. The complaint charged in substance that the appellees (defendants below) had maliciously instigated a criminal prosecution on charges which they knew to be false, and had knowingly prepared and presented forged documents before the grand jury in order to obtain indictments. The complaint disclosed that the appellees were two United States attorneys and a police officer who had prepared and prosecuted the case which was the basis for this action for malicious prosecution. Practically all of the activities described in the complaint were part of the official duties of these officers.

In Cooper v. O'Connor, 1938, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440, certiorari denied 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414, we held that prosecuting officers are immune from civil liability for conspiracy or malice in carrying out their duties. Therefore, the court below properly dismissed the complaint against them with respect to such activities.

Certain paragraphs in this complaint allege that appellees brought false

charges against appellant to the attention of the Bar Association in the District of Columbia. Such activities while privileged do not come within the scope of the rule of Cooper v. O'Connor, and might be actionable if sufficient facts were alleged to show the character of the complaints, and malice on the part of the appellees. Colpoys v. Gates, 1941, 73 App.D.C. 193, 118 F.2d 16. However, standing alone, the allegations in the complaint which are not related to the official duties of appellees are too indefinite to constitute a cause of action. As the other allegations were properly stricken, nothing remains which can provide the basis for action.

Under Rule 15(a), of the Federal Rules of Civil Procedure,[1] after responsive pleadings have been filed a party may amend only by written consent of the adverse party or by leave of court "when justice so requires". Since the complaint before us is the fourth unsuccessful attempt of appellant to set out a cause of action against appellees we believe that the court properly denied further amendment.

Affirmed.