**YOUNG v. GARRETT et al.**

**GILBERT et al. v. SAME.**

Nos. 13419, 13420.

Circuit Court of Appeals, Eighth Circuit.

Feb. 25, 1947.

Duval L. Purkins, of Warren, Ark. (Charles E. Wright, J. R. Wilson and James H. Nobles, Jr., all of El Dorado, Ark., and Henry B. Whitley, of Magnolia, Ark., on the brief), for appellants.

J. P. Greve, of Tulsa, Okl. (Forrest M. Darrough, of Tulsa, Okl., J. E. Gaughan, of Camden, Ark., C. W. McKay and W. D. McKay, both of Magnolia, Ark., and R. H. Wills, of Tulsa, Okl., on the brief), for appellees.

Before THOMAS, JOHNSEN and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

There are two cases here involving the same questions on appeal. The appeal is from judgments denying plaintiffs' motions for leave to file amended and substituted complaints in each case. The ultimate question presented for determination is whether the court in refusing to grant leave to amend abused its discretion under the authority of Federal Rules of Civil Procedure, rule 15(a), 28 U.S.C.A. following section 723c, which provides that "leave shall be freely given when justice so requires."

There is no doubt that under Rule 15(a) leave to amend, after the first amendment, is subject to the sound judicial discretion of the trial court and that its ruling on an application for such leave can be reversed only for abuse of that discretion. Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co., 8 Cir., 146 F.2d 165, 167; Calhoun County v. Roberts, 5 Cir., 148 F.2d 901, 903, 904; Ledbetter

v. Farmers Bank & Trust Co., 4 Cir., 142 F.2d 147, 149; Aetna Casualty & Surety Co. v. Abbott, 4 Cir., 130 F.2d 40, 44. And where an appellate court has power to review the exercise of judicial discretion, the inquiry is limited to whether the action is arbitrary in that the court failed to apply the appropriate equitable and legal principles to the established or conceded facts. Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314, 317; Hartford-Empire Co. v. Obear-Nester Glass Co., 8 Cir., 95 F.2d 414, 417.

The material facts in the present controversy are not in dispute. The defendants in each case are the same. The actions involving 308 acres of land in Columbia County, Arkansas, are in ejectment and for rents and profits and damages for injury to the freehold. The claims of the plaintiffs relate back to the effect of a deed conveying the land in 1867. Litigation commenced in the district court in 1941. Jurisdiction in the 1941 case was predicated upon diversity of citizenship; and the court dismissed the case for want of jurisdiction on the ground of the absence of indispensable parties who if joined would defeat diversity of citizenship.

The present cases were filed in December, 1942. Jurisdiction in both these cases is also predicated upon diversity of citizenship. In each case the defendants filed motions to dismiss or for summary judgment. The grounds stated for dismissal were (1) failure to join indispensable parties plaintiff and defendant which would defeat diversity of citizenship and (2) no cause of action set forth. The cases were consolidated and the motions were submitted on written briefs. On September 14, 1943, the motions to dismiss were sustained and judgments of dismissal entered. See Young v. Garrett et al., D.C., 3 F.R.D. 193. Without moving for leave to amend the plaintiffs appealed to this court. On May 9, 1945, this court affirmed the judgments of dismissal. Our opinion is reported in Young v. Garrett et al., 8 Cir., 149 F.2d 223. A petition for rehearing or for remand for amendment of the complaints in order to establish jurisdiction for a part of their claims was filed in this court.

Upon consideration the petitions for rehearing were denied on August 8, 1945, "with instructions to permit the appellants to apply to that [the district] court for leave to amend their complaint, if they so elect, for the purpose of stating jurisdiction, if possible (see International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561, 563, and Rule 15, Federal Rules of Civil Procedure * * * ), provided that such application be made within a reasonable time * * *".

Thereafter, on September 24, 1945, motions for leave to amend the complaints were filed, and with each motion there was tendered an amended and substituted complaint. These motions were submitted to the court, and on February 28, 1946, judgment was entered in each case denying the motion. From these judgments the present appeal was taken.

In order to determine whether the trial court abused its discretion in denying the motions it is necessary to examine and consider some of the circumstances and reasons which moved the court to refuse leave to amend. The court correctly interpreted our order of remand as a direction to exercise its discretion after considering all of the relevant circumstances. In the Donnelly Garment Co. case cited in our order, supra, we had said: "Since the amendment cannot be allowed by this Court, it necessarily follows that we cannot direct or instruct the court below with respect to the exercise of its discretion in granting or denying leave to make such an amendment as is suggested."

The court concluded, first, that it was without power to permit the filing of the proposed amended and substituted complaints. This conclusion was based upon the fact that at the time the motions for leave to amend were filed on September 24, 1945, more than two years had elapsed since the judgments of dismissal (affirmed by this court in 8 Cir., 149 F.2d 223) had been entered on September 14, 1943. The court relied upon the six months limitation in Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides that "On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken * * *".

Clearly the last quoted sentence of Rule 60(b) is an express direction to the court and could not be disregarded by it, if applicable. Anderson v. Yungkau, et al., 67 S.Ct. 428, 91 L.Ed. ——; Wallace v. United States, 2 Cir., 142 F.2d 240, 244. Its applicability depends upon whether the erroneous alignment of parties plaintiff and defendant in the complaints which resulted in the judgments of dismissal of September 14, 1943, falls within one of the categories enumerated in Rule 60(b). The law relating to jurisdiction based upon diversity of citizenship is clear, and appellants have not alleged that they were at any time ignorant of the facts relating to the names or residences of the parties holding or claiming an interest in the land involved in the litigation. The court would have been justified, therefore, in believing that the erroneous alignment of parties was the result either of "mistake" or "inadvertence." If the error was due either to mistake or to inadvertence or to both the court correctly applied Rule 60(b).

Again, the court held that the plaintiffs waived the right to file the tendered amended and substituted complaints. In so holding the court relied upon the fact that after the judgments of dismissal were entered in both cases on September 14, 1943, the plaintiffs did not request or move for leave to file amendments to their complaints, but, vigorously contending that the court had jurisdiction of the causes of action as then stated in the complaints, appealed to this court. This situation presents the question whether the court as a matter of law erred in so holding.

In Ledbetter v. Farmers Bank & Trust Co., 4 Cir., 142 F.2d 147, 148, 149, Judge Dobie, speaking for the court, said: "The motion to dismiss under the Federal Rules of Civil Procedure take the place of the old demurrer, * * *. Clearly the refusal of the District Court, after the entry of the order of dismissal, to grant leave to amend the complaint furnishes no ground for a reversal at our hands."

Under "the old demurrer" the privilege to amend was waived by a plaintiff who elected to stand upon his complaint and appealed from an order of dismissal. Dykes v. Little, 8 Cir., 31 F.2d 742, 744.

Finally, the court held that because of plaintiffs' long delay and the death of witnesses justice does not require the granting of further leave to amend. In Blair v. United States, 8 Cir., 147 F.2d 840, 843, a case in which the trial court denied leave to amend the answer because of a delay of about three months in making application therefor, this court said that the court in denying leave to amend "might well have concluded that it would be unfair to permit the amendment and force plaintiffs to trial on the new issues thus tendered." And see Laughlin v. Garnett, 78 U.S.App.D.C. 194, 138 F.2d 931, 932.

In view of the circumstances of these cases the court did not abuse its discretion in denying leave to plaintiffs to file their tendered amended and substituted complaints.

Affirmed.

JOHNSEN, Circuit Judge, concurs in the result.