Robert ZELLNER, Plaintiff,

v.

George WALLACE, Albert Lingo, Willie B. Painter, Maury Smith, J. D. Shows, D. Eugene Loe, and William F. Thetford, Defendants.

Civ. A. No. 2099-N.

United States District Court

Middle District Alabama, N. D.

Sept. 15, 1964.

Robert L. Cheek, Montgomery, Ala., and Smith, Waltzer, Jones & Peebles, New Orleans, La., for plaintiff.

O. J. Goodwyn, of Goodwyn & Smith, Montgomery, Ala., for defendant George Wallace.

John P. Kohn and Hugh Maddox, Montgomery, Ala., for defendants Lingo and Painter.

James Garrett, of Rushton, Stakely & Johnston, Montgomery, Ala., for defendant Smith.

Frank W. Riggs, III, of Godbold, Hobbs & Copeland, Montgomery, Ala., for defendant Shows.

Drayton Hamilton, Montgomery, Ala., and Richard Belser, of Hill, Robison & Belser, Montgomery, Ala., for defendant Loe.

Robert B. Stewart and Robert E. Varner, of Jones, Murray & Stewart, Montgomery, Ala., for defendant Thetford.

JOHNSON, District Judge.

The plaintiff, Robert Zellner, claims damages of the defendants, alleging in various counts that he was maliciously prosecuted, falsely arrested and falsely imprisoned; that the defendants conspired to maliciously prosecute and arrest him; and that the defendants, while acting under color of law, conspired to violate his civil rights in violation of Title 42, §§ 1983 and 1985, United States Code.

As gleaned from the complaint as amended, it appears that Zellner was arrested on January 10, 1963, on a warrant charging him with "false pretense," this warrant having been issued pursuant to an affidavit of the defendant J. D. Shows; that this affidavit stated that Zellner, with intent to defraud, falsely pretended to certain agents of the City Pawn Shop of Montgomery, Alabama, that he had on deposit in a bank in Atlanta, Georgia, at least the sum of $85 and by reason of such false pretense did obtain from the City Pawn Shop merchandise in the value of $85. Zellner stated that he was prosecuted on this charge, which prosecution was malicious and terminated in his favor. In a separate charge he claims damages for having been falsely and maliciously arrested upon the "false pretense" charge growing out of the City Pawn Shop transaction. In addition, he claims damages for having been imprisoned on a charge of vagrancy on or about January 8, 1963, and for having been falsely arrested and imprisoned on a charge of conspiracy on or about January 8, 1963. He claims additional damages of the defendants upon the theory that they conspired to falsely and maliciously procure his unlawful arrest and imprisonment on a charge of conspiracy and, in his last claim, he claims damages of the defendants for their having conspired, under color of law, to violate his civil rights as those rights are guaranteed by the Constitution and the laws of the United States, particularly §§ 1983 and 1985, Title 42, United States Code.

The defendants are citizens of the State of Alabama, with their residence in this judicial district, and, according to the complaint, their names and official positions are George Wallace, Governor of the State of Alabama; D. Eu-

gene Loe, Recorder, Recorder's Court, City of Montgomery, Alabama; William F. Thetford, Circuit Solicitor, Montgomery County, Alabama (now Circuit Judge); Maury Smith, County Solicitor, Montgomery County, Alabama; J. D. Shows, City Policeman, City of Montgomery, Alabama; Albert Lingo and Willie B. Painter, State Highway Patrolmen, also known as State Troopers, State of Alabama. The defendants have filed several motions with this Court, all of which are now submitted; they are as follows:

(1) George Wallace, a motion to dismiss and, pursuant to Rule 56, Federal Rules of Civil Procedure, a motion for summary judgment, both filed and served upon the plaintiff on August 7, 1964.

(2) City Recorder D. Eugene Loe filed his motion to dismiss on July 27, 1964, and his motion for summary judgment on August 31, 1964; the motion for summary judgment was served upon the plaintiff on the date filed.

(3) William F. Thetford on August 7, 1964, filed his motion to dismiss or, in the alternative, motion for summary judgment; this motion for summary judgment was served upon the plaintiff on August 7, 1964.

(4) Maury Smith filed his motion to dismiss on August 6, 1964, and his motion for summary judgment on September 1, 1964; this motion for summary judgment was served upon the plaintiff on the date filed.

(5) Albert Lingo, Willie B. Painter and J. D. Shows separately filed their motions to dismiss on July 23, 1964, July 28, 1964, and August 11, 1964, respectively.

As to the motion for summary judgment filed herein on August 7, 1964, by George Wallace, this Court finds that the motion is supported by the affidavit of George Wallace and the separate affidavits of each of the other defendants; these affidavits are in considerable detail, but are generally to the effect that George Wallace did not cause Robert Zellner's arrest upon any charge; had nothing to do with his arrest or imprisonment; had nothing to do with his being charged with vagrancy, false pretense or conspiracy; had nothing to do with his being imprisoned or prosecuted upon either of these charges; did not discuss his arrest, prosecution or imprisonment on either of these charges with either of the other defendants before or at the time of his arrest or prosecution in either the Montgomery Recorder's Court or the Montgomery Circuit Court. Although the plaintiff was served with George Wallace's motion for summary judgment on August 7, 1964, together with the several supporting affidavits, he has not, up until this time, filed any affidavits opposing this motion. In the absence of any opposition in the form of affidavits,[1] or other proof, to George Wallace's motion for summary judgment, it appears that the pleadings, together with the affidavits in support of said motion, reflect that there is no genuine issue as to any material fact and that George Wallace is entitled to a judgment as a matter of law. In treating a situa-

1. The submission of these motions—after appropriate notice to all the attorneys—was at 11 a.m., Friday, September 11, 1964; the notice for the submission of these motions was originally given on August 17, 1964, and was for the submission to be September 1, 1964. Upon oral application—by telephone—from one of plaintiff's attorneys residing in New Orleans, Louisiana, this Court, by notice dated August 26 to all attorneys continued the submission until September 11. After the motions were argued and submitted on September 11, this Court orally made its rulings as herein formalized and proceeded on the same date to conduct the pretrial hearing. Subsequent to all of this, one of the plaintiff's attorneys files—by mail—on September 14, 1964, with the Clerk of this Court, an affidavit seeking to raise factual issues as to the claim against George Wallace. This affidavit was filed over thirty-five days after the motion for summary judgment was filed and several days after the submission and oral ruling of this Court. This affidavit, under the circumstances of this case, is presented too late to be considered.

tion identical to this one, the Fifth Circuit Court of Appeals in Norton et al. v. McShane et al., June 1, 1964, 332 F.2d 855, stated:

> "In the face of the Attorney General's affidavit, the plaintiffs cannot rest upon the mere allegations of their complaints unsupported by sworn testimony. It became incumbent on the plaintiffs, by affidavits or otherwise as provided in Rule 56, *supra*, to set forth specific facts showing that there was a genuine issue for trial as to whether the defendants were acting within the line and scope of their official duties. See Cunningham v. Securities Investment Company, 5 Cir. 1960, 278 F.2d 600, 602, 603. The plaintiffs introduced no evidence whatever, and thus failed completely to meet the burden resting upon them."

The motions for summary judgment filed by D. Eugene Loe and William F. Thetford on August 31, 1964, and August 7, 1964, respectively, are governed by the same legal principle just discussed in connection with the motion of George Wallace. The plaintiff has also failed to file any affidavits in opposition to these motions. For the same reasons stated in connection with the motion of George Wallace, there is, as between this plaintiff and D. Eugene Loe and William F. Thetford, no genuine issue as to any material fact and each of these parties is entitled to a judgment as a matter of law. The basis for the motions for summary judgment as filed by D. Eugene Loe as Recorder, Recorder's Court, City of Montgomery, Alabama, and William F. Thetford, Circuit Solicitor, Montgomery County, Alabama, is that these individuals were at all times material to this case officers (in the case of Loe, a judicial officer, and in the case of Thetford, the prosecuting attorney) of the State of Alabama engaged in their official duties as such officers. These officers, by their motions and accompanying affidavits, invoke the legal principle immunizing governmental officials from civil suits seeking damages for acts committed within the scope of their authority and while acting in their official capacities as such public officials.

■ Where such a doctrine of immunity is raised by a state official, as was pointed out by the United States Court of Appeals for the Fifth Circuit in Norton et al. v. McShane et al., supra, the matter is controlled by state law under Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188. It is appropriate, therefore, that this Court look to the law of the State of Alabama for the purpose of determining what the Alabama "doctrine of immunity" is in connection with public officials where they are faced with civil suits for damages in connection with the performance of their official duties. As is true in the application of the doctrine of immunity for public officials in the federal system, the State of Alabama, through its judicial decisions, has determined that judicial and executive officials, who exercise the authority vested in them, must be free to act upon their own convictions, without apprehension of personal consequence to themselves. The adoption and application of this immunity doctrine requires the courts to resolve a sharp conflict between two important legal rights: the protection of the individual citizen against malicious action on the part of public officials, and the protection of the public interest by shielding responsible public officials against the harassment and threat of civil damage suits based upon their actions and conduct done in the exercise of their official duties.[2]

■ As to the adoption and application of this doctrine of immunity as it relates to judicial officers by the State of Alabama, see Scott v. Ryan, 115 Ala. 587, 22 So. 284; Irion v. Lewis, 56 Ala. 190; McKinley v. Simmons, 274 Ala. 355, 148 So.2d 648; and Coleman v. Roberts, 113 Ala. 323, 21 So. 449, 36 L.R.A. 84.

---

2. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434, and Gregoire v. Biddle, 2 Cir., 177 F.2d 579, cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363.

In the Coleman v. Roberts case, the Supreme Court of Alabama stated:

"The doctrine has become so firmly settled as to have passed into a truism that an action will not lie against a judicial officer, the highest or lowest, keeping within the sphere of his jurisdiction, by one supposing himself aggrieved by his judicial action."

There are no Alabama cases applying the doctrine of immunity to circuit or county solicitors. The Federal courts have applied the doctrine of official immunity to numerous Federal officers.[3] There is every reason to believe that the State of Alabama would extend the doctrine of judicial immunity to its circuit solicitors and county solicitors. This Court will apply this doctrine in connection with this case as it relates to William F. Thetford and, for reasons hereinafter appearing, Maury Smith.

Since each of the alleged wrongful acts of these defendants that forms the basis for the conspiracy charge is clothed with immunity, the plaintiff's claiming that such acts were in furtherance of a conspiracy—even under the Civil Rights Act—does not abrogate the immunity doctrine. Rhodes v. Houston, D.C., 202 F.Supp. 624, 636; aff'd per curiam, 8 Cir., 309 F.2d 959; cert. denied 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719.

The motion filed on behalf of the defendant Maury Smith is being discussed separately in view of the fact that the only affidavit that has been filed with this Court by the plaintiff in connection with these several motions for summary judgment was presented to this Court on September 11, 1964, in opposition to the motion filed by Maury Smith.[4] A study of the motion for summary judgment filed by Maury Smith on September 1, 1964,

denies that he acted in any capacity other than in his official capacity as a deputy circuit solicitor (sometimes called county solicitor) in connection with the arrest and prosecution of plaintiff Zellner, and that he in the arrest and prosecution of this plaintiff acted solely on information presented to him in his capacity as deputy circuit solicitor, or county solicitor, for Montgomery County, Alabama. The affidavit filed with this Court in opposition to defendant Smith's motion goes into considerable detail concerning Smith's action in connection with Zellner's arrest and prosecution. It confirms the contention by defendant Smith that he acted only in his official capacity as solicitor for Montgomery County, Alabama. The reasons discussed by this Court in connection with defendant Thetford's motion for summary judgment are equally applicable to defendant Smith's motion. The opposing affidavit filed by the plaintiff in connection with defendant Smith's motion does not raise any genuine issue as to any material fact and, as is true in the case of defendant Thetford, Smith is entitled to a judgment as a matter of law.

As to the motions to dismiss filed by the defendants Albert Lingo, Willie B. Painter and J. D. Shows, it is the ORDER, JUDGMENT and DECREE of this Court that said motions be and each is hereby overruled and denied.

As to the motions for summary judgment filed herein by George Wallace, D. Eugene Loe, William F. Thetford and Maury Smith, it is the order, judgment and decree of this Court that each be and the same is hereby granted. It is ordered that this cause be and the same is hereby dismissed as to the defendants George Wallace, D. Eugene Loe, William F. Thetford and Maury Smith.

3. Barr v. Matteo, supra (Director of Rent Stabilization); Ove Gustavsson Contracting Co. v. Floete, 2 Cir., 299 F.2d 655, cert. denied 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050 (GSA Contracting Officers); Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440 (FBI Agent, U. S. Attorney, Assistant U. S.

Attorney, etc.); Laughlin v. Garnett, 78 U.S.App.D.C. 194, 138 F.2d 931 (U. S. Attorney), and Swanson v. Willis, D.C., 114 F.Supp. 434, aff'd 9 Cir., 220 F.2d 440 (Deputy U. S. Marshal).

4. See footnote No. 1.