John BRIGGS et al., Plaintiffs,

v.

Guy GOODWIN, Individually and as Attorney for the Department of Justice, Division of Internal Security, et al., Defendants.

Civ. A. No. 74–803.

United States District Court, District of Columbia.

Nov. 20, 1974.

Nancy Stearns, Doris Peterson, Morton Stavis, Center for Constitutional Rights, New York City, Cameron M. Cummingham, Brady Coleman, Austin, Tex., Jack Levine, Philadelphia, Pa., Philip J. Hirschkop, Alexandria, Va., for plaintiffs.

Benjamin C. Flannagan, Edward S. Christenbury, Henry E. Petersen, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

In this civil action, Plaintiffs seek declaratory relief and damages for alleged violations of their constitutional rights which arose from the criminal case of United States v. Briggs, G.C.R. 1353 (the "Gainesville 8" case) in which eight of the Plaintiffs herein were acquitted of conspiracy. The Defendants Guy Goodwin, William H. Stafford, Jr. and Stuart J. Carrouth are attorneys with the Department of Justice and were responsible for conducting the investigation, the grand jury proceedings and the prosecution of that case. Defendant Claude Meadow is a special agent of the Federal Bureau of Investigation and was also involved in the investigation.

After the Plaintiffs served a notice to take the deposition of Defendant Guy Goodwin, remaining Defendants moved for a transfer of venue and for a stay of the deposition pending a ruling on their motion for transfer. In the alternative, Defendants Stafford, Carrouth and Meadow moved to dismiss and for a stay of Defendant Goodwin's deposition pending the filing of and a determination on a Motion to Dismiss as to Defendant Goodwin on the grounds of immunity. On July 19, 1974, this Court ordered that the deposition of Defendant Goodwin be stayed pending a determination on the question of his immunity from prosecution, without prejudice to the pending motions of the other Defendants.

The Court finds that the Motion to Dismiss filed by Defendant Guy Goodwin and the Motion to Transfer this case to the Northern District of Florida filed by Defendants Stafford, Carrouth and Meadows are both ripe for determination. For reasons explained hereinafter, both Motions must be denied.

In their Complaint, Plaintiffs have alleged that Defendant Goodwin violated their constitutional rights by committing perjury when questioned under oath by a United States District Judge concerning the presence of government informants in the "defense camp". Relying upon two recent cases from the Third Circuit and several earlier cases from the Second and District of Columbia Circuits, Defendant Goodwin moves to dismiss the Complaint as to him. He contends that as a special attorney of the United States Department of Justice and federal prosecutor, he is absolutely immune from any damage claim based upon his alleged misconduct while acting in his official capacity.

Plaintiffs oppose this Motion and contend that the doctrine is inapplicable on the grounds that the alleged misconduct in this case is beyond the scope of any official duty and is in violation of federal law. Plaintiffs rely upon recent cases from the Fourth, Sixth and Seventh Circuits which reject absolute immunity and adopt a qualified immunity for prosecutors. They contend that the recent case of Apton v. Wilson, 165 U.S.App.D.C. ——, 506 F.2d 83 (1974), No. 73–1614, decided August 16, 1974, indicates a trend in this Circuit toward adopting this developing analytical view of the doctrine.

After careful analysis of the numerous cases cited by counsel in this action, the Court concludes that Defendant Goodwin's Motion to Dismiss for failure to state a claim upon which re-

lief can be granted based upon absolute prosecutorial immunity must be denied at this juncture.

As the cases indicate, the doctrine of immunity for quasi-judicial officers like prosecutors derives from the fact that in the course of performing their official duties, they often exercise a discretion similar to that exercised by judges. The Courts have reasoned that to ensure vigorous and effective enforcement of the laws, prosecutors should be protected from possible vindictive lawsuits arising from their activities in performing that function. This need for freedom from procedural constraints in performing their discretionary functions and the built-in safeguards within the judicial process to check misconduct are together considered justification for extending the judicial immunity doctrine to prosecutors.

However, several recent cases indicate that this "quasi-judicial" immunity is not absolute. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Apton, *supra*; Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965); Lewis v. Brautigam, 227 F.2d 124 (5th Cir. 1955); Hilliard v. Williams, 465 F.2d 1212 (6th Cir. 1972), cert. denied, 409 U.S. 1029, 93 S.Ct. 461, 34 L.Ed.2d 322 (1972). These cases indicate a growing trend toward determining the applicability of quasi-judicial immunity by analyzing the nature of the activity being performed. Where performing functions closely aligned with the judicial process such as presenting evidence to the grand jury or prosecuting at trial, prosecutors still enjoy absolute immunity. But as the nature of the activity moves further from the judicial process, the Courts have held that immunity becomes less functional and is therefore not absolute.

■ The Defendants reasonably rely upon Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135 (1938) and Laughlin v. Garnett, 78 U.S.App.D.C. 194, 138 F.2d 931 (1943) as authority for their contention that this jurisdiction follows the theory of absolute immunity. However, the Court reads the more recent case of Apton, *supra,* which interprets Scheuer, *supra,* as indicating a trend in this Circuit to adopt an analytical approach to and a more restrictive application of the doctrine of quasi-judicial immunity. Although these recent cases are factually distinguishable from the case at hand, the reasoning of the opinions indicates to this Court that assertions of quasi-judicial immunity cannot be rigidly accepted on their face, but rather an analysis of the activity being performed at the time the alleged misconduct occurred is required to determine the applicability of the doctrine.

■ Where, as in this case, a prosecutor is alleged to have committed perjury, an activity beyond the scope of his authority, in clear violation of law and far removed from the discretionary areas of the judicial process traditionally protected by the quasi-judicial immunity doctrine, the Court concludes that this doctrine is not applicable. Therefore, Defendant Goodwin's Motion to Dismiss on these grounds must be denied.

■ In addition, the Court concludes that the Motion to Transfer this action in accordance with 28 U.S.C. § 1404 and § 1406 filed by Defendants Stafford, Carrouth and Meadows must also be denied. Title 28 U.S.C. § 1391 (e)(1) provides that proper venue lies where a Defendant in the action resides. Since Defendant Goodwin's Motion to Dismiss has been denied, and he remains in this action, the Court finds venue proper in this District. It is well established law that a plaintiff's choice of venue is given preference and the burden of establishing that an action should be transferred is on the moving party. 1 Moore's Federal Practice § 1.145[5]. The Court finds that Defendants here have failed to meet that burden, and thus their Motion to Transfer to the Northern District of Florida must be denied.

Upon the above considerations, it is by the Court this 20th day of November, 1974;

Ordered, that Defendant Guy Goodwin's Motion to Dismiss this action be and hereby is denied; and it is

Further ordered, that the Motion to Transfer filed by Defendants Stafford, Carrouth and Meadows, be and hereby is denied.