Emmett J. STEBBINS, Appellant,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,
et al., Appellees.

No. 84-132.

District of Columbia Court of Appeals.

Submitted Feb. 25, 1985.

Decided March 6, 1985.*

Emmett J. Stebbins filed a brief pro se.

David G. Dulansey and Sara E. Lister, Washington, D.C., were on brief for appellees.

Before PRYOR, Chief Judge, NEWMAN and TERRY, Associate Judges.

PER CURIAM:

Stebbins appeals an adverse ruling of the trial court granting summary judgment to the defendants in his suit for false arrest and malicious prosecution. We affirm for the reasons set forth by the trial court in its written order which is attached hereto and incorporated herein.

*Affirmed.*

SUPERIOR COURT OF THE
DISTRICT OF
COLUMBIA CIVIL DIVISION

Civil No. 8899-79

Civil I Judge Goodrich

EMMETT J. STEBBINS

v.

WASHINGTON METROPOLITAN AREA TRANSIT
AUTHORITY, et al.

ORDER

Plaintiff has sued the Washington Metropolitan Area Transit Authority (WMATA),

* Disposition of this case was originally by an unpublished opinion. The court has granted WMATA's motion to publish.

Transit police officers Church and Porter, and the District of Columbia for false arrest and imprisonment and malicious prosecution.

The facts giving rise to plaintiff's cause of action may be summarized as follows: On February 16, 1979, at approximately 5:45 p.m., plaintiff was observed by undercover transit officers, Church and Porter, entering through the rear of a Metrobus in which the officers were riding. After traveling approximately two more blocks, and without plaintiff having given any indication to the driver that a fare had otherwise been paid, Church and Porter arrested plaintiff. Officer Church ... (prepared the necessary paperwork) ... and plaintiff was charged with 1) failing to pay the established fare; and 2) entering through the rear of a bus.

Plaintiff, appearing *pro se,* was tried on April 11, 1979. On his cross examination of officers Church and Porter, plaintiff sought to elicit testimony that a bus transfer, which plaintiff offered into evidence at trial, was in his possession on the date in question. The officers did not refute their direct examination testimony, consistent with the summary outlined above, and in which no mention is made of plaintiff's holding, or exhibiting a bus transfer.

At the Court's request, the District dropped its first count, failure to pay the established fare. Subsequently, and without ever testifying on his own behalf, plaintiff moved for a judgment of acquittal. Despite its rejecting the argument advanced by plaintiff in support of its Motion, the Court found plaintiff "Not Guilty" with the following qualification.

"Well, we are going to give him the benefit of the doubt in this case, but I'm going to admonish him the next time to enter the front door, show the operator the transfer—give it to him. That's what you're supposed to do. Give you a break this time."

This cause of action followed.

WMATA moves to dismiss plaintiff's claim arguing that it enjoys absolute immunity from liability for the actions of its transit officers in undertaking the arrest and charging of the plaintiff. In support, WMATA relies upon Section 80 of the Interstate Compact entered into by the States of Maryland and Virginia and the District of Columbia, Pub.L. No. 89–774, 80 Stat. 1350 (1966) and which sets forth in pertinent part that:

> [WMATA] shall be liable ... for its torts ... committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflict of laws), but shall not be liable for any torts occurring in the performance of a governmental function.

In *Hall v. WMATA,* 468 A.2d 970 (D.C. App.1983) the Court of Appeals, in upholding the trial Court's granting of Summary Judgment for WMATA, ruled, pursuant to Section 80 of the instant Compact, that WMATA is immune from liability for false arrest, malicious prosecution and abuse of process for the actions of its transit officers who had arrested and charged appellant, an employee of WMATA, with embezzling $8.00 from a subway farecard machine. In *Hall,* plaintiff-appellant was also acquitted of the charge.

■ This Court finds the Court of Appeals holding in *Hall* on all fours with the case at bar[1] and warranting therefore, the granting of defendant WMATA's Motion.[2]

---

1. The Court of Appeals in *Hall* expressly rejected the argument advanced by plaintiff in its Opposition to WMATA's Motion urging the Court to abandon the "governmental-proprietary" test in favor of the "discretionary-ministerial" test for determining whether the actions at issue fall under a sovereign's immunity. *See Hall v. WMATA, supra* at 972. The Court is wholly unpersuaded by plaintiff's argument that the authorization to purchase insurance contained in Section 72 of the Compact amounts to a waiver of the immunity expressed in Section

80. Plaintiff's construction would, in effect, have the Court hold Section 80 a nullity in clear contravention of its express terms. Moreover, the purchasing of insurance is not inconsistent with Section 80 in light of that Section's recognition of WMATA liability for commissions or omissions committed in furtherance of a proprietary function.

2. In addition, plaintiff argues, pursuant to SCR Civil 8(c) that defendant WMATA waived its defense of sovereign immunity by having failed

Officers Church and Porter have also moved for Summary Judgment claiming that the undisputed facts in this case demonstrate probable cause as a matter of law constituting an absolute defense to plaintiff's claim. *See e.g. Gueory v. District of Columbia,* 408 A.2d 967 (D.C.App.1979). The Court agrees.

In *Gabrou v. May Dept. Stores Co.,* 462 A.2d 1102 (D.C.App.1983), an action for, *inter alia,* false imprisonment and malicious prosecution, the Court of Appeals affirmed the trial court's directed verdict for defendant.

The Court found that the evidence had conclusively demonstrated that defendant's security personnel had detained plaintiff "out of a good faith, reasonable belief that [he] was shoplifting." *Id.* at 1104.[3]

■ In the instant case officer Porter testified that he saw the plaintiff, Stebbins, enter the bus through the rear door, and take a seat in the rear of the bus and make no effort to go to the front of the bus to pay his fare. (Trial Transcript, page 13, lines 7–10). This testimony would indicate that Officer Porter had a 'good faith, reasonable belief' that Stebbins had failed to pay his fare, and that there was a valid reason to arrest and detain him.

Plaintiff, however, has never refuted nor contradicted the testimony of Officer Porter. Acting as his own counsel, Stebbins never gave sworn testimony as to his own actions, but attempted instead to get Officer Porter to recognize a transfer that Stebbins claimed he had in his possession. As noted, the Officer denied that invitation.

The Court agrees with plaintiff that "[t]he criminal record and transcript speaks for itself." Plaintiff has referred this Court to nothing in the record that would tend to demonstrate, giving the plaintiff the benefit of every favorable inference, that Officers Porter and Church acted with anything less than "a good faith, reasonable belief" that plaintiff had violated the law.

Judge Neilson's remark, while unquestionably acquitting plaintiff of the charge, is entirely consistent with the officers' versions of the facts.

The Court finds, therefore, that plaintiff has failed to raise a genuine issue of fact with regards to Porter and Church's defense of probable cause with the record demonstrating unequivocally that the officers had nothing less than probable cause to arrest the plaintiff.

Finally, the District of Columbia has moved to dismiss plaintiff's claim of malicious prosecution.

■ Plaintiff's complaint alleges nothing more than that prosecutors from the Office of the Corporation Counsel, on the basis of allegedly fraudulent information supplied by defendant officers, "falsely, maliciously and without probable cause" charged plaintiff with a crime. In light of the Court's findings with regard to defendants', Porter and Church, Motion for Summary Judgment, and recognizing further that defendant's prosecutor was engaged in an advoca-

---

to affirmatively plead so in its answer. The Court of Appeals has ruled, however, that flexibility exists in interpreting Rule 8(c), and where no prejudice results from a party's failure to adhere to the letter of the rule, a meritorious defense should not be lost. *Jackson v. D.C.,* 412 A.2d 948 (D.C.App.1980). The Court finds that plaintiff has not suffered prejudice as a result of the defendant's failure to plead sovereign immunity as a defense noting in particular plaintiff's having filed a substantive opposition to defendant's Motion as well as arguing its point before the Court at hearing. Therefore, pursuant to

SCR-Civil 15(b) the Court treats defendant's answer as amended to include the defense of sovereign immunity.

**3.** Viewing the evidence in the light most favorable to plaintiff, the Court noted that plaintiff had unequivocally told defendant's security guard that he had paid for the items in his possession, then set off the sensormatic machine, then conceded that he had not paid for all the items, but offered the explanation that he had not finished shopping.

cy as opposed to administrative function, *see Briggs v. Goodwin,* 186 U.S.App.D.C. 179, 569 F.2d 10 (1977), *aff'g* 384 F.Supp. 1228, *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978), the Court finds the District absolutely immune from a suit for damages arising from the decisions of its prosecutors to initiate and present its case against plaintiff. *Imbler v. Pachtman,* 424 U.S. 409, 421, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976).