# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 22-7131**                                     **September Term, 2023**

FILED ON: FEBRUARY 9, 2024

STEPHEN OLLAR, ET AL.,
                    APPELLANTS

v.

DISTRICT OF COLUMBIA, ET AL.,
                    APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-01847)

---

Before: SRINIVASAN, *Chief Judge*, HENDERSON, *Circuit Judge*, and RANDOLPH, *Senior Circuit Judge*.

**J U D G M E N T**

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

\* \* \*

In 2016, plaintiff-appellants Stephen Ollar and Miriam Berman brought their six-week-old daughter to the hospital after she sustained a serious head injury. Physicians discredited the plaintiffs' explanation for the injury. So the District of Columbia initiated a neglect investigation, which culminated in a court finding that the infant was a neglected child under District law. The plaintiffs, who characterize those proceedings as "baseless," brought this suit alleging constitutional and common law tort claims against the District of Columbia, District officials, and a privately-employed doctor. The district court dismissed the complaint and denied the plaintiffs' motion for reconsideration. Appearing pro se, the plaintiffs appeal both orders.

## I.

All of the plaintiffs' claims arise out of the investigation and prosecution of the child neglect petition. After the plaintiffs arrived at the hospital, a physician determined that their account did not sufficiently explain the severity of the infant's injuries and notified District officials of suspected child abuse. The infant was transferred to a second hospital, where another physician found the possibility of non-accidental trauma. The plaintiffs refused to fully cooperate with the District's investigation.

After a fifteen-day trial, a magistrate judge determined that the infant was a neglected child under District law and ordered that she be placed in foster care. A trial judge affirmed. So did the District of Columbia Court of Appeals. *In re D.O.*, No. 17-FS-444 (D.C. Court of Appeals, August 23, 2019). The child was returned to the plaintiffs' custody following nine months in foster care.

## II.

The complaint alleges a litany of claims against five defendants: the District of Columbia; Chanelle Reddrick, a child protection social worker with the District's Child and Family Services Agency; Brooke Beander, Reddrick's supervisor; Lynsey Nix, an Assistant Attorney General for the District; and Dr. Norrell Atkinson, a child abuse pediatrician.

Though the district court granted the defendants' motion to dismiss mainly on issue preclusion grounds, we affirm on other bases adequately supported by the record. *See Meza v. Renaud*, 9 F.4th 930, 933 (D.C. Cir. 2021).

First we address the allegations against the District of Columbia. The complaint fails to allege facts that would support any cognizable claim for negligent or intentional infliction of emotional distress. Additionally, the District is absolutely immune from damages suits arising from a prosecutor's decision to initiate and present a case. *Stebbins v. Wash. Metro. Area Transit Auth.*, 495 A.2d 741, 744 (D.C. 1985). And the District is entitled to sovereign immunity for the other common law claims because the plaintiffs' alleged injuries stem from government officials' discretionary acts. *See District of Columbia v. Pace*, 498 A.2d 226, 228 (D.C. 1985).

The complaint does not contain any non-conclusory allegations of an unconstitutional municipal policy or custom, a pattern of violations, or a failure to train or supervise. So under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), the District is not liable for any alleged constitutional violations.

For the individual District employees, the plaintiffs fail to show that the defendants violated their clearly established constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Accordingly, the District employees are entitled to qualified immunity for the constitutional claims. *See Pearson v. Callahan*, 555 U.S. 223, 243 (2009).

The District employees have absolute immunity for the common law claims because all of their challenged actions were discretionary acts within the scope of their official duties or arose out of their roles in the child neglect legal proceeding. *District of Columbia v. Jones*, 919 A.2d 604, 608 (D.C. 2007); *Gray v. Poole*, 243 F.3d 572, 574 (D.C. Cir. 2001); *Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002).

That leaves the claims against Dr. Atkinson. The plaintiffs argue that Dr. Atkinson acted under color of state law, exposing her to potential liability under 42 U.S.C. § 1983. Assuming for the sake of argument that Dr. Atkinson was effectively a state actor, she too is entitled to qualified immunity. The plaintiffs fail to point to any clearly established law that would have put Dr. Atkinson on notice that her actions were unconstitutional. And the complaint fails to state a claim for relief against Dr. Atkinson for any common law torts.

Finally, the plaintiffs do not present any arguments that the district court abused its discretion in denying their motion for reconsideration, so we consider the issue forfeited.

The district court properly dismissed the complaint. We affirm.

\* \* \*

This disposition is unpublished. *See* D.C. CIR. R. 36(d). The Clerk will withhold the mandate until seven days after any timely petition for rehearing or rehearing *en banc* is resolved. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk
