Charles E. SMITH, Jr., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 8126.

District of Columbia Court of Appeals.

Submitted Feb. 20, 1975.

Decided April 29, 1975.

King David, Washington, D. C., was on the brief, for appellant.

C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton and David P. Sutton, Asst. Corp. Counsels, Washington, D. C., were on the brief, for appellee.

Before FICKLING, GALLAGHER and YEAGLEY, Associate Judges.

**832**

PER CURIAM:

Appellant recovered a verdict in this case in the amount of $7,000 against the District of Columbia for compensatory damages arising from a false arrest and assault. Appellant contends here that the trial court erred in refusing to submit to the jury the question of the District's liability for *punitive* damages.

The clear weight of authority in the states is that as a general rule there can be no recovery of punitive damages against a municipality absent a statute expressly authorizing it.[1] There is no such statute in this jurisdiction. In Fisher v. City of Miami, 172 So.2d 455, 457 (Fla. 1965)[2] the court stated well the public policy considerations supporting this rule:

> Basically, the justification for a punitive award is to punish the offender and to deter others from committing similar wrongs.
>
> \*   \*   \*   \*   \*   \*
>
> The public policy which motivates the conclusion appears to be sound. Since punishment is the objective, the people who would bear the burden of the award —the citizens—are the self-same group who are expected to benefit from the ·public example which the punishment makes of the wrongdoer.
>
> Another aspect of the matter is the rule which permits evidence of the wealth of a tort-feasor as a measure of the amount of punitive damages which should be awarded. Maiborne v. Kuntz,

Fla., 56 So.2d 720; Hutchinson v. Lott, [110 So.2d 442 (Fla.App.1959)]. The theory is—the wealthier the wrongdoer, the greater the award. Otherwise stated, a relatively small sum might be adequate to punish a poor man. A much greater sum, for the same wrong, would be needed to punish a rich man. If this were allowed against municipalities, it would permit evidence of the unlimited taxing power as the measure of a proper verdict. This is often suggested as an adequate justification for denying an award of punitive damages against a city.

> \*   \*   \*   \*   \*   \*
>
> The deterrence element likewise adds little justification for this type of award against a municipality. In the first place it is to be assumed that the municipal officials will do their duty and if discipline of a wrongdoing employee is indicated, appropriate measures will be taken without a punitive award.
>
> Further, a huge award against the City would not necessarily deter other employees who generally would be unlikely to be able to pay a judgment assessed against them personally.

Absent extraordinary circumstances not present here, we agree with the weight of authority and conclude the District of Columbia is not liable for punitive damages.

Affirmed.

1. *See* cases collected at 19 A.L.R.2d 903 (1951) and 57 Am.Jur.2d Municipal, School, and State, Tort Liability, §§ 318–322 (1971).

2. *See also* Euge v. Trantina, 422 F.2d 1070, 1074 (8th Cir. 1970); Fox v. City of West Palm Beach, 383 F.2d 189, 195 (5th Cir. 1967); Brown v. Village of Deming, 56 N.M. 302, 243 P.2d 609, 618 (1952); Chappell v. City of Springfield, 423 S.W.2d 810, 813 (Mo.1968).