ANGEL AYALA, Plaintiff

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 354/77

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

February 7, 1978

DEREK M. HODGE, ESQ. (HODGE & SHEEN), Christiansted, V.I., *for plaintiff*

RODERICK Q. LAWRENCE, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

FINCH, *Judge*

### MEMORANDUM OPINION AND ORDER

This matter came on for trial after which the Court found for the plaintiff and awarded compensatory damages. The Court withheld award of the prayed for punitive damages pending receipt of memoranda by the parties hereto.

The facts are as the plaintiff recited them in his post-trial memorandum and they are reproduced here with minor modification. On March 15, 1977, plaintiff was a patient at the Charles Harwood Memorial Hospital, Christiansted, St. Croix, U.S. Virgin Islands, and was admitted on the medical ward. On March 14, 1977, at approximately 7:00 p.m., one Francisco Soto had been admitted also to the medical ward. This admission was made by Dr. Albert Clairmont. Soto had been arrested pursuant to a warrant issued by the Territorial Court for the purpose of being examined by a psychiatrist.

Throughout the day of March 15, Soto had been permitted to wander about the hospital notwithstanding a warning conveyed by Mrs. Earl Roebuck to hospital personnel that he, Soto, had been acting strangely. At approximately 3:00 p.m. on the same day Soto assaulted plaintiff by attempting to strangle him and was restrained by hospital attendants. Instead of seeking immediate assistance from police or otherwise restraining Soto's freedom of movement, he was released and permitted to roam about freely. Fifteen minutes later, Soto returned to plaintiff's room with a pickaxe and again assaulted plaintiff. Hospital attendants again came to the plaintiff's rescue. However, Soto's movement was never restricted and he, relishing the opportunity, went to the hospital's kitchen, armed himself with a knife and stabbed yet another patient.

The question before the court is whether the Government of the Virgin Islands may be liable for punitive damages. As an initial impression the facts appear to be very favorable to the plaintiff. However, when read in light of § 309 of the Restatement of Torts, the possibilities of recovery for punitive damages wane. This section allows an award of punitive damages only if:

(a) the principal authorized the doing and the manner of the act, or

(b) the agent was unfit and the principal was reckless in employing him, or

(c) the agent was employed in a managerial capacity and was acting within the scope of employment, or

(d) the employer or a manager of the employer satisfied or approved the act.

Counsel for the plaintiff and the government have cited numerous cases for their positions. An analysis of the plaintiff's position in light of the above-quoted section of the Restatement must fail. I cannot as a matter of fact find that the government authorized the doing and the manner of the act. Neither can I find as a matter of fact that the government was reckless in employing the hospital attendants who admitted or took care of Mr. Ayala; nor can I find that the hospital attendants were acting in a managerial capacity and also, were acting within the scope of their employment. Certainly, the plaintiff does not contend that the hospital authorities approved the act. I invite counsel's attention also to Mathurin et al. v. Government, 12 V.I. 23; Smith v. District of Columbia, 336 A.2d 831 (Dist. Col. 1975); Lauer v. YMCA of Honolulu, 557 P.2d 1334 (Hawaii, 1976); Dawkins v. City of Los Angeles, 136 Cal. Rptr. 882 (1977).

In view of the foregoing, the plaintiff's claim for punitive damages will be disallowed.

## ORDER

Upon careful consideration of the post-trial memoranda of the parties hereto and of the cases applicable thereto, and being fully advised in the premises, it is

ORDERED that plaintiff's claim for punitive damages be and the same is hereby disallowed.