**Pinkie TEART, Mother and Personal Representative of the Estate of Victor Langston Teart, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al., Defendants.**

Civ. A. No. 87–1718–OG.

United States District Court, District of Columbia.

May 24, 1988.

Judith Katz, Washington, D.C., for plaintiff.

Thomas A. Medford, Jr., David Allmond, Washington, D.C., for defendants WMATA and Robinson.

David Krakoff, Washington, D.C., for defendant Westinghouse.

Edwin A. Sheridan, Washington, D.C., for third-party defendant Harry Alexander, Inc.

## MEMORANDUM–ORDER

GASCH, District Judge.

Plaintiff's decedent was found electrocuted atop some fluorescent lights at the bottom of an escalator in the Tenleytown Metro Station. Plaintiff has sued the Washington Metropolitan Area Transit Authority ("WMATA"), the Metro station manager, and Westinghouse Electric Corp. ("Westinghouse"). In turn, Westinghouse has brought a third-party suit against Harry Alexander, Inc. Currently before the Court are WMATA's motion to strike punitive damages and the Metro station manager's motion to dismiss as to him.

The Transit Authority moves to strike plaintiff's claim for punitive damages on grounds that it is immune from suits for punitive or exemplary damages. The Washington Metropolitan Area Transit Authority ("WMATA") was created by an interstate compact between and among Maryland, Virginia and the District of Columbia. Md.Ann.Code § 10–201 *et seq.;* Va. Code Ann. §§ 56–529, 530; D.C.Code § 1–2431. Congress adopted and enacted the WMATA Compact for the District of Columbia and consented to the entrance of Maryland and Virginia in the Compact. Pub.L. No. 89–774, 80 Stat. 1324 (1966). Article II, Section 4 of the WMATA Compact provides that the Transit Authority is an agency and instrumentality of the signatories to the Compact. *See Oasim v. WMATA,* 455 A.2d 904, 905 (D.C.), *cert. denied,* 461 U.S. 929, 103 S.Ct. 2090, 77 L.Ed.2d 300 (1983).

The United States Court of Appeals for the District of Columbia Circuit has acknowledged WMATA's status as a state instrumentality that is clothed with Eleventh Amendment immunity. *Morris v. WMATA,* 781 F.2d 218, 219–20 (D.C.Cir. 1986). The Eleventh Amendment sovereign immunity conferred on WMATA by Congress and the signatories to the Compact has been partially waived in Article XVI, Section 80 of the Compact. *Id.* at 221. The partial waiver provides that WMATA shall be liable for its torts, as well as those of its directors, officers, employees and agents, which are committed in the conduct of any proprietary function, but not for any torts occurring in the performance of a governmental function. The matter before the Court requires consideration of whether the signatories to the Compact waived the Transit Authority's immunity to punitive damages.

In the absence of express statutory authority, punitive damages are not recoverable against the District of Columbia. *Smith v. District of Columbia,* 336 A.2d 831 (D.C.1975) (per curiam) (reasoning that "the people who would bear the burden of the award—the citizens—are the self-same group who are expected to benefit from the public example which the punishment makes of the wrongdoer"); *see City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 260 n. 21, 101 S.Ct. 2748, 2756, 69 L.Ed.2d 616 (1981) (stating that as a general rule, punitive damages are not allowed against a municipality unless expressly authorized by statute); *see also Herilla v. Mayor & City Council of Baltimore,* 37 Md.App. 481, 378 A.2d 162 (1977) (stating that punitive damages cannot be assessed against Maryland government agencies absent statutory authority). Section 80 of the Compact is silent on the matter of punitive damages. In addition, plaintiff can cite to no statute in the District of Columbia or

**14**

Maryland that expressly authorizes the award of punitive damages against WMATA. Thus, there has been no waiver of immunity with respect to punitive damages.

Nonetheless, in dicta, the D.C. Court of Appeals left open the possibility of an exception to this rule, suggesting that, even in the absence of a statute, the award of punitive damages against the District of Columbia might be appropriate under "extraordinary circumstances." *Smith*, 336 A.2d at 832. Plaintiff relies on this dicta, arguing that the extraordinary circumstances in this case require WMATA to be subjected to liability for punitive damages. Plaintiff alleges that the gross negligence amounting to outrageous conduct on the part of WMATA warrants the survival of her claim for punitive damages. Plaintiff alleges that WMATA negligently failed to install an essential piece of equipment in the fluorescent light case and failed to inspect the light cases to ensure that their installation and grounding were proper. Additionally, plaintiff cites an incident that took place on the same escalator less than a month before the accident giving rise to this suit. On June 9, 1986, a patron reported receiving a "jolt" while riding the same escalator as plaintiff's decedent. Plaintiff alleges that WMATA's failure to follow up its repair request to Westinghouse after the June 9, 1986 incident rises to the level of a conscious disregard for the safety of its patrons. For all of these reasons, plaintiff urges the Court to find extraordinary circumstances mandating that the claim for punitive damages remain in the case.

Subsequent cases to *Smith* have not borne out examples of "extraordinary circumstances" under which the District of Columbia or its instrumentalities could be subjected to liability for punitive damages. Indeed, no court has found extraordinary circumstances such that WMATA would be subjected to liability for punitive damages.[1] This Court will not create a baseline definition of the term which was formulated in dicta. Even if the term "extraordinary circumstances" were binding, this case does not present extraordinary circumstances. Nor do the plaintiff's allegations rise to the level of misconduct for which punitive damages can be assessed in the District of Columbia.[2] The Court holds that punitive damages may not be assessed against the Washington Metropolitan Area Transit Authority in this case.

Wherefore, upon consideration of defendant WMATA's motion to strike punitive damages, the opposition thereto, the arguments of counsel in open Court and the entire record in this case, it is by the Court this 20th day of May, 1988,

ORDERED that the motion to strike punitive damages be, and hereby is, granted; and it is further

ORDERED that the motion to dismiss the claims against defendant Robinson, having been conceded by plaintiff, be, and hereby is, granted.

---

**1.** The defendant appends to its motion four recent decisions which reflect the consistency with which this Court has refused to allow punitive damages against WMATA. *Banks v. WMATA*, No. 85–3874 (D.D.C. Oct. 9, 1986) (Pratt, J.) (Exhibit A); *Ransome v. WMATA*, No. 86–1747 (D.D.C. Jan. 13, 1987) (Hogan, J.) (Exhibit B); *Petticolas v. WMATA*, No. 87–2516 (D.D.C. March 22, 1988) (Pratt, J.) (Exhibit C); *Gilbert v. WMATA*, No. 85–2535 (D.D.C. Nov., 2, 1985) (Flannery, J.) (Exhibit D). Those cases cite to other decisions of this Court which also barred punitive damage awards against WMATA. *See Williams v. WMATA*, No. 83–2747 (D.D.C. Dec. 4, 1984) (Harris, J.); *Excavation Construction, Inc. v. WMATA*, 624 F.Supp. 582, 588 (D.D.C. 1984) (Smith, J.); *Savoy Construction Co. v. WMATA*, No. 83–75, slip op. at 5 (D.D.C. Aug.

22, 1983) (Parker, J.); *Davis v. WMATA*, No. 82–1684 (D.D.C. May 5, 1983) (Richey, J.); *Thomas v. WMATA*, No. 82–2509 (D.D.C. Mar. 16, 1983) (Burnett, Mag.).

**2.** In cases where immunity has not been at issue, District of Columbia law will not sanction the imposition of punitive damages for negligence or even gross negligence. *Nepera Chemical, Inc. v. Sea–Land Service*, 794 F.2d 688 (D.C. Cir.1986). Under the law of this jurisdiction, punitive damages are available for intentional torts or tortious acts aggravated by an evil motive, actual malice, deliberate violence, or oppression, outrageous conduct or the willful disregard for the rights of others. *Robinson v. Sarisky*, 535 A.2d 901 (D.C.1988).