Nelson RAMOS, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS, Respondent.

No. 91–22.

District of Columbia Court of Appeals.

Argued Dec. 3, 1991.

Decided Jan. 9, 1992.

---

James H. Cohen, with whom Polly A. Myers, was on the brief, for petitioner.

Donna M. Murasky, Asst. Corp. Counsel, with whom John Payton, Corporation Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Assistant Deputy Corp. Counsel, were on the brief, for respondent.

Before ROGERS, Chief Judge, and FERREN and STEADMAN, Associate Judges.

FERREN, Associate Judge:

Petitioner, a merchant who prevailed as respondent in an administrative action brought by the Department of Consumer and Regulatory Affairs (DCRA), claims the administrative law judge (ALJ) erred as a matter of law when she denied his motion for attorney's fees and punitive damages because she concluded that she did not have authority to impose such a remedy. We agree with the ALJ. The DCRA enabling statute does not authorize ALJs to grant attorney's fees or punitive damages in favor of DCRA respondents, and ALJs have no inherent authority to authorize such relief. We therefore affirm.

I.

Petitioner (the merchant) is a shoe and leather goods repairman and the owner of Corrective Shoe Repair. DCRA, acting on behalf of a disgruntled customer (the complainant), filed an eight count claim against the merchant alleging unlawful trade practices in violation of the Consumer Protec-

tion Procedures Act, D.C.Code § 28–3901 *et seq.* (1991) (CPPA). The ALJ dismissed the complaint with prejudice after concluding that the claim was baseless and that complainant had willfully disobeyed the ALJ's order to refrain from communicating with the merchant's witnesses. Both because of the complainant's behavior and because of the ALJ's dissatisfaction with DCRA's investigation and handling of complainant's allegations, the ALJ invited the merchant to submit a motion "for further relief." In her Decision and Order Re Costs, however, the ALJ denied the merchant's motion for attorney's fees and punitive damages and concluded that "[t]he only relief the [CPPA] empowers the Administrative Law Judge to order on behalf of the innocent [merchant] is the dismissal of the case with prejudice." [1]

## II.

■ "The Consumer Protection Procedures Act is a comprehensive statute designed to provide procedures and remedies for a broad spectrum of practices which injure consumers." *Atwater v. Dept. of Consumer and Regulatory Affairs,* 566 A.2d 462, 465 (D.C.1989). "The legislative history of the Act reinforces the straightforward reading of the statute itself as a measure designed to provide procedures and sanctions for violations of consumer protection statutes generally." *Id.* at 466. The statute, at D.C.Code § 28–3903(a)(13), authorizes DCRA to "provide full remedy for [trade practice] violation[s] by:

(A) damages in contract, and orders for restitution, rescission, reformation, repair, and replacement,

(B) stipulations, conditions, and directives, both temporary and permanent, of all kinds,

(C) enforcement of orders and decrees, collection of civil penalties, and other activities, in the courts,

(D) and other lawful methods...."

The DCRA's Office of Adjudication and its ALJs "may use any power granted to [DCRA] in section 28–3903," including the powers to provide the remedies listed above, but may not dispose of any case "in a manner not expressly authorized in this section." *Id.* at § 28–3905(*l*). Of relevance here, the Office of Adjudication may order remedies *against* the merchant, "including punitive damages, treble damages, or reasonable attorney's fees, as are reasonable and necessary to identify, correct, or prevent the conduct which violated District law." *Id.* at § 28–3905(g)(5).[2] But the CPPA does not expressly authorize an ALJ to grant attorney's fees or punitive damages *in favor of* a respondent-merchant.

In addition to enacting the comprehensive and explicit statutory language both granting and restricting the ALJ's remedy powers [3]—which do not include an express power to award merchants attorney's fees or punitive damages—the Council of the District of Columbia has authorized the Superior Court, not an ALJ, to award attorney's fees to merchants under the CPPA in specified situations not involved in this case. Section 28–3905(i)(3)(B) allows the respondent-merchant, as well as the consumer-complainant and the DCRA, to bring a cause of action in the Superior Court "for a remedy, enforcement, or assessment or

---

**1.** In his brief and argument to this court, the merchant does not readily distinguish the ALJ's alleged power to order the DCRA and the complainant, respectively, to pay punitive damages and attorney's fees. Because we conclude the ALJ has no power to award such relief against either the DCRA or complainant, we have no need to sort through merchant's arguments.

**2.** The Council of the District of Columbia amended the Act to include the pertinent language on attorney's fees and punitive damages in subsection (g)(5) after the ALJ had entered the order denying attorney's fees and punitive

damages in this case. *See* District of Columbia Consumer Protection Procedures Act Amendment of 1990, D.C.Law 8–234.

**3.** Further evidence of the legislature's intent to carefully circumscribe the remedy powers of the Office of Adjudication is found in the CPPA provisions which state that the Department may not "order damages for personal injury of a tortious nature," D.C.Code § 28–3903(c)(1), and may not apply the remedy provisions of § 28–3905 to "an action of an agency of government," *id.* at § 28–3903(c)(2)(E).

collection of a civil penalty, when any violation, or failure to adhere to a provision of a consent decree [between the parties], or an [administrative] order has occurred." The Superior Court "shall levy the appropriate civil penalties, and may order, if supported by evidence, ... damages, treble damages, reasonable attorney's fees, consumer redress, or other remedy." *Id.* The District Council, therefore, has addressed the question of attorney's fees and extra damages for respondent-merchants and has expressly authorized them only in connection with a Superior Court adjudication under the CPPA, not as part of an administrative adjudication.

By expressly providing that ALJs may award punitive damages and attorney's fees against merchants for trade practices violating District law, D.C.Code § 28–3905(g)(5), and by further expressly providing that the Superior Court may award treble damages and attorney's fees to merchants in other circumstances, *id.* § 28–3905(i)(3)(B), the Council indicated it knew how to authorize and withhold damages and fees for merchants depending on the situation. The Council made even clearer its intention not to permit such fees and damages in unspecified situations by providing that "[n]o case may be disposed of in a manner not expressly authorized in ... section" 28–3905. We accordingly conclude that the Council left no room for awards of attorney's fees and punitive damages to merchants in unprescribed circumstances. The enabling statute is clear and unambiguous: there is no statutory authority granting ALJs the power to award a victorious merchant any relief beyond dismissal of the consumer's complaint. *See, e.g., Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984) (if intent of legislature is clear, court as well as agency must give effect to unambiguous meaning of statute); *Baker v. District of Columbia,* 494 A.2d 1299, 1302–03 (D.C.1985) (agency must follow procedures set forth in statute notwithstanding alternative public policy arguments).[4]

## III.

■ Because there is no statutory authority for the merchant's claim of attorney's fees and punitive damages, we turn to the merchant's argument that the ALJ had inherent authority to award such relief,[5] despite the exclusivity clause in the CPPA:

No case may be disposed of in a manner not expressly authorized in this section. Every complaint case filed with the Department and within its jurisdiction shall be decided in accordance with the procedures and sanctions of this section....

D.C.Code § 28–3905(*l*). He argues that this court should construe a recent Supreme Court decision, *Chambers v. NASCO, Inc.,* — U.S. —, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), as recognizing an inherent authority in an administrative tribunal to award attorney's fees and punitive damages—an authority emanating from the nature and power of the tribunal itself, in contrast with the remedies specified (and limited) by statute. We find no merit in this argument.

■ In *Chambers* the Supreme Court affirmed the equitable power of federal courts to draw upon common law principles in ordering certain non-statutorily prescribed remedies and sanctions:

It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court because they

---

4. The plain meaning we discern comports with the agency's own interpretation of its statute, as pronounced by both the ALJ and the DCRA in this case. *See, e.g., Pro-Football Inc. v. Dep't of Employment Servs.,* 588 A.2d 275, 279 (D.C. 1991) (agency's interpretation of enabling statute is binding unless it is plainly erroneous or inconsistent with language or purposes of statute).

5. The merchant also claims Superior Court Civil Rule 11 gives the ALJ authority to award punitive damages and attorney's fees. This argument is frivolous. The court rules only apply "in all suits of a civil nature in the Civil Division of the Superior Court of the District of Columbia whether cognizable as cases at law or in equity...." SUPER.CT.CIV.R. 1.

are necessary to the exercise of all others.... These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* 111 S.Ct. at 2132 (quotations, brackets, and citations omitted). "Indeed, '[t]here are ample grounds for recognizing ... that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel'...." *Id.* at 2133 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980)). Accordingly, courts within the judicial branches of government, once they are created and their jurisdiction is defined by constitution or government act, have the inherent "authority to do what courts have traditionally done in order to accomplish their assigned tasks." *Chambers*, 111 S.Ct. 2123, 2140 (Scalia, J., dissenting) (agreeing with majority that federal courts possess inherent authority).[6]

■ In contrast with judicial tribunals, however, administrative law tribunals—created by the legislature to serve dispute resolution and rulemaking-by-order functions within agencies of the executive branch—by definition and design do not have the inherent "equitable authority" that courts in the judicial branch have derived from common law traditions and powers. Administrative law judges only possess narrowly defined statutory and regulatory powers; they do not have the traditional equity power of courts to formulate remedies. "The sanctioning authority of an agency may include a specific sanction,

or may be stated in general terms. In either case, the agency may exceed neither the specific nor general grant of power authorized by [the legislature]." J. Stein, G. Mitchell & B. Mezines, 4 Administrative Law § 41A.01 (1991 ed.) (footnotes omitted); *see also Ass'n of Admin. Law Judges, Inc. v. Heckler*, 594 F.Supp. 1132, 1141 (D.D.C.1984) ("On matters of law and policy ... ALJs are entirely subject to the agency.... Although an ALJ may dispute the validity of agency policy, the agency may impose its policy [over the ALJ]." (citations omitted)).

■ This is not to say that administrative tribunals do not have some discretionary power—implied by authority expressly granted to them under organic statutes—in the regulation of the parties and proceedings before them. For example, in *Brown v. District of Columbia Bd. of Zoning Adjustment*, 413 A.2d 1276 (D.C.1980),[7] where the Board of Zoning Adjustment's rules empowered the presiding officer to "regulate the course of the hearing," *id.* at 1279, and to take any action necessary under its rules, we held: "[T]he BZA has the inherent authority and the duty to protect the integrity of its proceedings by entertaining a motion to disqualify an attorney who was alleged to have violated [a disciplinary rule]." *Id.* at 1284. The inherent adjudicative authority of the BZA and other administrative bodies, however, is based on the "principle that the hearing must be governed by well established rules of procedure generally applicable to agency adjudications." *Id.* at 1280 (citing authorities). That principle, while recognizing some inherent authority in administrative tribu-

---

6. Although the Superior Court and the Court of Appeals of the District of Columbia were established by Congressional Act and are thus Article I courts, we do not assume that in creating such courts "Congress ... intended to depart from established principles such as the scope of a [judicial] court's inherent power." *Chambers*, 111 S.Ct. at 2134 (quotation omitted). *Compare* U.S. Const. art. III, § 2 ("The Judicial Power shall extend to all cases, in Law and Equity") *with* District of Columbia Self–Government and Governmental Reorganization Act § 431(a), 1 D.C.Code at 173, 195 (1991) ("The judicial power of the District is vested in the District of Columbia Court of Appeals and the Superior Court of

the District of Columbia.... [which have] jurisdiction of any civil action or other matter (at law or in equity) brought in the District").

7. The *Brown* case has a rather tortuous subsequent history, none of which relates directly to the principle for which we cite it here. *See Brown v. District of Columbia Bd. of Zoning Adjustment*, 486 A.2d 37 (D.C.1984) (en banc) (*Brown III*), *vacating* No. 13670 (D.C. July 15, 1983) (*Brown II*) (which followed remand ordered by 413 A.2d 1276 (D.C.1980) (*Brown I* cited in text)).

nals, also limits that authority to what is commonly required to regulate aspects of the hearing process such as pleadings, discovery, testimony, and attorney behavior. *See, e.g., Atlantic Richfield Co. v. United States Dep't of Energy*, 248 U.S.App.D.C. 82, 104-06, 769 F.2d 771, 793-95 (1984) (agency power to preclude affirmative defenses as sanction for failure to obey discovery order part and parcel of authority granted by Congress even though such power not expressed in enabling statute); 16 DCMR § 1516.2 (1987) (CPPA procedural rule recognizing discretion of ALJ to impose sanctions including "reasonable expenses" if one party disobeys discovery orders).

■ The merchant has not cited, and we have not found, any authority even remotely suggesting that the imposition of attorney's fees [8] or punitive damages [9] as remedy and sanction after a decision on the merits—without statutory or regulatory authorization and in spite of statutory language barring unspecified relief—is a "well established rule[ ] of procedure generally applicable to agency adjudications." *Brown*, 413 A.2d at 1280. If the ALJ had ordered attorney's fees or punitive damages in this case, she would have compensated the merchant and penalized DCRA (or the complainant) for the agency's actions and decision to pursue the complaint. Such a sanction or remedy would have far exceeded the scope of the ALJ's limited power to regulate procedures and events within the hearing process itself.

### IV.

We therefore conclude that the ALJ was correct in denying merchant's motion for attorney's fees and punitive damages. The ALJ does not have the statutory or inherent authority to award such relief or to impose such sanctions.

*Affirmed.*

---

8. We note that "[g]enerally, under the 'American Rule,' absent express statutory authorization or a contractual provision, each party is responsible for its own attorney's fees." *Schlank v. Williams*, 572 A.2d 101, 108 (D.C.1990) (citing cases, including *Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 254-57, 95 S.Ct. 1612, 1620-21, 44 L.Ed.2d 141 (1975)). A recognized exception to the rule is that a judicial court in the exercise of its inherent equitable authority "may award attorneys' fees when the other party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quotations and cites omitted). Each party, therefore, pays his or her own attorney's fees in the absence of a statute, contractual provision, or certain narrowly-defined common law exceptions. *See Dalo v. Kivitz*, 596 A.2d 35, 37 (D.C. 1991); *accord Synanon Found., Inc. v. Bernstein*, 517 A.2d 28, 35 (D.C.1986).

9. We note "[t]he clear weight of authority ... is that as a general rule there can be no recovery of punitive damages against a municipality absent a statute expressly authorizing it." *Smith v. District of Columbia*, 336 A.2d 831, 832 (D.C. 1975) (per curiam); *accord Teart v. Washington Metro. Area Transit Auth.*, 686 F.Supp. 12 (D.D.C.1988); *see also Stebbins v. Washington Metro. Area Transit Auth.*, 495 A.2d 741, 744 (D.C.1985) ("[T]he District [is] absolutely immune from a suit for damages arising from the decisions of its prosecutors to initiate and present [a criminal] case."). *See generally City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-63, 101 S.Ct. 2748, 2755-57, 69 L.Ed.2d 616 (1981) (reviewing cases and reaffirming common law principle that municipalities immune from punitive damages).